Billy B. PERKINS et ux., Appellants,

v.

CAIN'S COFFEE COMPANY, Appellee.

No. 605.

Court of Civil Appeals of Texas, Corpus Christi.

April 22, 1971.

Keys, Russell, Watson & Seaman, Ben A. Donnell, Corpus Christi, Perkins, Davis, Oden & Warburton, W. D. McNeill, Jr., Alice, for appellants.

Wade & Traylor, John P. Traylor, Beeville, for appellee.

OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial against Mr. and Mrs. Billy

B. Perkins, appellants, jointly and severally, in favor of Cain's Coffee Company, a corporation, appellee, for $3,085.00.

Appellee sued appellants for damages resulting from a collision near Tynan, Texas on February 27, 1969 between a truck belonging to appellee and a car owned by appellants then being driven by their son, Billy F. Perkins, who died from injuries sustained in the accident. Appellee sought recovery against appellants on the theory of negligent entrustment of their automobile to their son and also alleged that appellants were the sole heirs at law of their son and liable for appellee's damages "out of their inheritance from him".

It was stipulated that "Billy F. Perkins died intestate and that there is no administration upon his estate and none is necessary, that he left as his sole surviving heirs at law his father and mother, Billy B. Perkins and Mrs. Billy B. Perkins, he was unmarried and on the occasion in question Bill F. Perkins had the permission of his father and mother to drive the Chevy II automobile involved in the wreck and that the automobile was owned by his father and mother, Mr. and Mrs. Bill B. Perkins, and Billy F. Perkins was twenty years of age at the time of his death." There was no evidence to support recovery on the basis of negligent entrustment, nor was there any evidence that appellants received any property as the sole heirs at law of their son or otherwise or that they had disposed of any property belonging to him at the time of his death.

The trial court submitted 14 special issues to the jury, some of which were conditionally submitted and not answered. The jury found in substance that on the occasion of the collision Billy B. Perkins, the son, failed to keep his vehicle completely within the right half of the roadway, that he failed to keep a proper lookout, and that each of such omissions proximately caused the occurrence in question. The jury further found in substance that the driver of appellee's truck was operating it at an excessive rate of speed but refused to find that this was a proximate cause of the accident. The jury further refused to find that appellee's driver failed to keep a proper lookout or that the occurrence in question was the result of an unavoidable accident. The damage issues were answered so as to fix appellee's aggregate damages at $3,085.00. Appellee filed a written motion for judgment on the verdict in which it asserted that appellee was entitled to judgment against appellants, jointly and severally, for $3,085.00, and the trial court granted such relief.

Appellants assert six points of error. Their primary contention is that the trial court erred in rendering a personal judgment against them. Appellee concedes that such contention is correct and that on the record here presented the personal judgment against appellants was erroneous. See McFarland v. Shaw, 45 S.W.2d 193, 197 (Tex.Com.App., 1932, holdings approved) and cases therein cited. But appellee further contends that the judgment should be reformed so as to provide "that appellee have judgment for its damages, together with interest, against appellants to the extent of the value of the property, if any, they inherited from their son, Billy F. Perkins, and that any deficiency existing after sale of such property shall not remain as a personal judgment against appellants". Appellants say that the judgment should be reversed and here rendered that appellee take nothing. Alternatively, appellants pray that the judgment be reversed and the cause remanded.

As a general rule, suit against a decedent's estate must be brought against the person representing it. However, under some circumstances a suit may be brought directly against the decedent's heirs, as is the case here where no administration has been taken out and none is necessary. See 19 Tex.Jur.2d, Decedents' Estates, Sec. 959, pp. 14–15. Under Texas Probate Code Section 37, V.A.T.S., property of the decedent received by the heirs is subject to payment of the debts of the decedent. Such debts constitute a lien on the estate which may be

enforced by a creditor through an action against the heirs to whom the estate has descended and been distributed; but in such suit the creditor's petition must allege that the estate has been distributed to the heirs sued, and upon trial the creditor must show, specifically, what property came into the hands of the heirs, to enable the court to properly decree the lien. The heirs are not personally liable to a claimant against the estate for the value of property received by them unless they have disposed of it or so changed its form so as to render it impossible of identification. See McFarland v. Shaw, supra; Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931 (1899); Chadwick v. Watkins, 258 S. W.2d 194 (Tex.Civ.App., Texarkana, 1953, n. w. h.); Cross v. Hancock's Estate, 176 S.W.2d 586 (Tex.Civ.App., Amarillo, 1943, wr. ref. w. o. m.); Westerfeld v. Stout, 129 S.W.2d 478 (Tex.Civ.App., San Antonio, 1939, wr. dism. j. corr.).

 In this case there is no evidence to show that appellants had received any property of their deceased son. There was no basis established here for a judgment of any kind adverse to the appellants. Appellants were not shown to be personally liable to appellee, nor were they liable to appellee as heirs at law of their deceased son in the absence of evidence concerning any of his property which had come into their hands.

We are unable to reform and affirm the judgment of the trial court as is suggested by appellee. Nor do we believe that there is a proper basis for remand for new trial. Appellee argues that the trial court erroneously sustained objections of appellants to appellee's written interrogatories inquiring concerning whether Billy F. Perkins owned property on February 27, 1969, and the identification, type, value and location of same. However, appellee does not assert a cross-point of error and request remand of this cause on account of the ruling mentioned. The alleged error has, therefore, not been preserved for re-

view. See Jackson v. Ewton, 411 S.W.2d 715 (Tex.Sup., 1967). It also appears that there were other readily available means whereby appellee could have developed evidence concerning the property, if any, of Billy F. Perkins, the son of appellants. In particular, the father, Billy B. Perkins, testified on the trial of the case but was not asked any questions concerning the property of his deceased son. If such questions had been asked of appellant Billy B. Perkins or of other witnesses and appellee had not been allowed to develop evidence as to the property of Billy F. Perkins, if any, we would, assuming preservation of the error and proper assertion thereof, have a different question as to remand. We will, therefore, render the judgment which should have been rendered by the trial court. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is reversed and is here rendered that appellee take nothing from appellants.

Reversed and rendered.